IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| John Doe,<br><br>    Plaintiff,<br><br>v.<br><br>InformData, LLC f/k/a Wholesale Screening Solutions, LLC, | Civ. Action No. 1:25-cv-00826 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO PROCEED IN PSEUDONYM**

  Plaintiff John Doe ("Plaintiff"), has moved for leave to proceed under a pseudonym in this case to protect his privacy to which he is entitled under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the fact that the criminal record information published about him by the Defendants was pardoned and expunged. The Court should grant the Plaintiff's motion for the reasons explained in this Memorandum in Support.

**I. INTRODUCTION**

  Plaintiff has been the victim of erroneous and inaccurate reporting by InformData Solutions, Inc. ("InformData"). InformData furnished a background check (the "Report") about Plaintiff that contained criminal records that had been pardoned and expunged. The harm that resulted from this erroneous Report will continue to harm Plaintiff if he is forced to attach his full name to criminal records that are not reportable and not available to the public.

  Plaintiff was pardoned in 2023 by the then-Governor of Delaware, John Carney, for decade-old crimes. The pardoned crimes were also expunged. Thus, Plaintiff was afforded the

1

protection of Delaware law prohibiting the disclosure of expunged convictions except in circumstances inapplicable to this present case. Despite these facts, InformData produced the Report that resulted in Plaintiff losing a job opportunity.

Plaintiff files this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, against the Defendant InformData. *See generally* Dkt. No. 1 ("Compl."). Plaintiff alleges that InformData furnished an employment background report containing expunged criminal records in violation of the FCRA. Public disclosure of Plaintiff's true name in connection with this lawsuit would irreparably link Plaintiff to criminal record information that has been legally expunged and pardoned.

Plaintiff now seeks to proceed under a pseudonym in this litigation to avoid further unlawful disclosure and permanent public association with expunged criminal records. Courts in this Circuit apply a five-factor balancing test to determine whether a party may proceed pseudonymously referred to as the *James* factors. The majority of these factors weigh in favor of Plaintiff's request. The nature of the case involves deeply personal and legally protected information. Publicly naming Plaintiff would cause renewed reputational and professional harm, and there is no prejudice to Defendant, who already knows Plaintiff's identity. Although Plaintiff is not a minor and the Defendant is a private entity, those factors do not outweigh the substantial privacy interests at stake. Plaintiff has already suffered the loss of a job, financial hardship, and emotional distress; denying pseudonymity here would amplify those injuries and subvert the very relief Plaintiff seeks.

Further associating Plaintiff with pardoned and expunged crimes will continue to weigh Plaintiff down as he attempts to lead a productive life to support himself and his family. Because Plaintiff's anonymity would shield him from precisely the type of injury that Congress sought to

prevent through the FCRA and Delaware law, this Court should grant Plaintiff's Motion to Proceed Under Pseudonym.

## II.   FACTUAL BACKGROUND

Plaintiff John Doe is a resident of New Castle, Delaware, and is the primary source of financial support for his household, which includes two young children. Compl. ¶6;¶84. More than a decade ago, Plaintiff was convicted of certain criminal offenses. *Id.* at ¶48. In February 2020, appeared before the Board of Pardons seeking a pardon for the criminal offenses. *Id.* The Board of Pardons recommend that a pardon be granted based upon the progress Plaintiff had made over the course of the decade. *Id.* at ¶ 49. In July 2020, Plaintiff for expungement of the convictions. *Id.* at ¶51. On March 3, 2021, the expungement was granted pursuant to 11 *Del. C.* § 4372 (e) (1). *Id.* at ¶ 52. Section 4372 states:

> **all the criminal records** relating to a case specified in the order **must**, within 60 days of the order, **be removed from the court's files** and placed in the control of the Supervisor of the State Bureau of Identification or otherwise segregated and kept in a manner that ensures that **they are not open to public inspection or disclosure**.

*Id.* at ¶52 (emphasis added). Then on May 26, 2023, Governor John Carney granted Plaintiff a full pardon of the convictions. *Id.* at ¶50.

On March 13, 2023, Plaintiff applied for a full-time position as a Delivery Professional with GoShare, Inc. ("GoShare"). *Id.* at ¶54. After completing the interview and application process, Plaintiff was offered employment and attended orientation. *Id.* at ¶¶55-56. As part of GoShare's hiring requirements, Plaintiff authorized a background check. *Id.* at ¶57. On or about March 24, 2023, GoShare ordered a criminal background check through non-party Turn Technologies. *Id.* at ¶58. Turn Technologies, in turn, obtained the background check from InformData. *Id.* at ¶63.

On or about March 28, 2023, InformData prepared and sold a consumer report concerning Plaintiff to Turn Technologies. *Id.* at ¶64. The report included details of Plaintiff's prior criminal convictions that had been pardoned and expunged. *Id.* at ¶66. The expunged records were not publicly available at the time the report was created. *Id.* at ¶¶68-69.

On March 29, 2023, Turn Technologies transmitted InformData's report to GoShare. *Id.* at ¶74. That same day, Plaintiff was informed that his application for employment had been denied as a result of the background check. *Id.* at ¶75. GoShare also informed Plaintiff that he would not be permitted to submit new applications or undergo another background check in the future. *Id.* at ¶76. After receiving this notice, Plaintiff obtained a copy of the report and reviewed it. *Id.* at ¶78. Upon review, Plaintiff observed that the report contained the previously expunged criminal records *Id.* Plaintiff contacted GoShare and explained that the records were pardoned and expunged. *Id.* at ¶80.

In addition to the loss of employment, Plaintiff alleges that the report caused reputational harm. *Id.* at ¶89. The complaint describes a range of emotional and psychological effects experienced by Plaintiff following the publication of the report, including anxiety, humiliation, and loss of sleep. *Id.* at ¶89; ¶92; ¶99

Plaintiff alleges that InformData's reporting practices and the lack of quality control can result in the inclusion of outdated or expunged records. *Id.* at ¶42; ¶46. Plaintiff brings three counts against InformData: for violating 15 U.S.C. § 1681e(b) for failing to follow reasonable procedure to assure maximum possible accuracy (*Id.* at ¶¶94-101); negligence (*Id.* at ¶¶102-112); and defamation per se in the alternative (*Id.* at ¶¶113-125).

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 10(a) requires that a civil complaint "must name all the parties." Fed. R. Civ. P. 10(a). However, courts within the Fourth Circuit have long recognized that this requirement is not absolute and that, in appropriate circumstances, plaintiffs may proceed under pseudonym. The authority to permit pseudonymous litigation arises from the court's inherent powers and the decision whether to allow a party to proceed anonymously lies within the district court's discretion. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) ("[T]his court has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings."); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

In determining whether pseudonymity is appropriate, courts in the Fourth Circuit apply a balancing test derived from *James*. 6 F.3d at 238. The court must weigh five non-exhaustive factors: (1) whether the justification is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm; (3) the age of the plaintiff; (4) whether the action is against a private or governmental party; and (5) the risk of unfairness to the opposing party from allowing anonymity. *Id*. No single factor is dispositive, and the district court must engage in a "case-specific inquiry" when applying the standard. *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023).

A motion to proceed under pseudonym is committed to the discretion of the district court and is reviewed for abuse of discretion on appeal. *James*, 6 F.3d at 239; *Doe v. Pub. Citizen*, 749 F.3d at 273. The district court need not assign specific weight to each factor but must demonstrate that it considered the relevant interests and articulated a reasoned basis for its decision. *Doe*, 85 F.4th at 212. This framework governs the request to proceed pseudonymously; to the extent the

5

Court considers Plaintiff's alternative request for a protective order, that request is governed by Federal Rule of Civil Procedure 26(c) and similarly rests on a showing of good cause.

## IV. ARGUMENT

### A. The Majority of the *James* Factors Weigh in Favor of Anonymity.

Plaintiff respectfully requests leave to proceed under pseudonym because requiring him to publicly attach his name to this lawsuit would defeat the very purpose of the expungement and gubernatorial pardon he lawfully obtained. Under Delaware law, once a criminal record is expunged, "all the criminal records relating to a case [. . .] must [. . .] be removed from the court's files [. . .] and [. . .] not open to public inspection or disclosure," and "it is unlawful for any person having or acquiring access to an expunged court or law-enforcement agency record to [. . .] disclose to another person any information from it" without a court order. 11 Del. C. §§ 4372(e)(1), 4376(a). The law treats such records as legally non-existent, and Plaintiff was affirmatively authorized to deny their existence. Publicly identifying Plaintiff in connection with this case would effectively republish those expunged records, undermining both the letter and spirit of the expungement and the gubernatorial pardon.

The Fourth Circuit permits pseudonymous litigation in exceptional circumstances where a plaintiff's interest in privacy outweighs the presumption of openness in judicial proceedings. *See James*, 6 F.3d at 238. Courts apply a five-factor balancing test that considers: (1) whether the case involves highly sensitive and personal matters; (2) whether identification poses a risk of retaliatory harm; (3) the plaintiff's age; (4) whether the defendant is a public or private entity; and (5) whether anonymity would prejudice the defendant. *See Doe*, 85 F.4th at 211–12. Each factor in this case supports, or at a minimum does not weigh against, Plaintiff's request. This lawsuit challenges InformData's publication of pardoned and expunged criminal records to a prospective employer;

6

requiring Plaintiff to litigate under his real name would nullify the legal protections Delaware has granted and expose him to precisely the reputational harm that expungement was designed to prevent. Plaintiff is not seeking to maintain secrecy regarding any other fact of the case – only his name.

### 1. The Nature of Plaintiff's Allegations Involves a Highly Personal and Sensitive Injury, Weighing Strongly in Favor of Pseudonymity.

The first *James* factor weighs heavily in Plaintiff's favor because this case centers on the disclosure of pardoned and expunged criminal records—records that Delaware law treats as non-existent and prohibits from public disclosure. *See* 11 Del. C. §§ 4372 (e) (1), 4376(a). Courts have recognized that the republication of such records implicates matters of a highly sensitive and personal nature. In *Doe v. Doe*, the Fourth Circuit directly addressed this factor in a case involving allegations of sexual assault and defamation between former romantic partners. The district court found that the plaintiff's request for anonymity stemmed from "a desire to preserve his privacy in a matter that is highly sensitive and highly personal," and the Fourth Circuit agreed with the district court's finding on this factor. *Doe v. Doe*, 85 F.4th 206, 212 (4th Cir. 2023). While the plaintiff in that case argued that the district court should have given this factor greater weight, the Fourth Circuit clarified that there is no requirement that any one factor be dispositive and upheld the district court's balancing approach. *Id.* ("We have only required that district courts consider the *James* factors; we have not prescribed any particular weight the court must assign to each factor.").

Other courts have likewise emphasized that the disclosure of expunged criminal records in consumer reports—particularly when used in employment decisions—meets this threshold. In *Doe v. Inflection Risk Solutions*, the court found that "the injury litigated against—the disclosure of [Doe's] expunged criminal record—would be incurred as a result of the disclosure of [Doe's] identity in the litigation," and held that this strongly favored pseudonymity. No. 2:25-cv-69-JES-

7

NPM, 2025 U.S. Dist. LEXIS 41777, at *2 (M.D. Fla. Mar. 7, 2025). In *Doe v. Priority Background Solutions*, the court reached the same conclusion on similar facts. No. 24-cv-337-JFH-SH, 2024 U.S. Dist. LEXIS 193300, at *4–5 (N.D. Okla. Oct. 24, 2024) (granting motion to proceed under pseudonym where plaintiff alleged that defendant sold a background check report to plaintiff's prospective employer which wrongfully contained information regarding plaintiff's expunged criminal record). Likewise, in *A.S. v. United States*, the court granted pseudonymity where the plaintiff alleged sexual abuse and emotional trauma while incarcerated, finding that the case involved "disclosure of medical information, including physical abuse and mental illness." No. 7:24-cv-147, 2025 U.S. Dist. LEXIS 63569, at *4 (W.D. Va. Mar. 27, 2025); *see also Doe v. Univ. of Md. Med. Sys. Corp.*, No. 1:23-cv-03318-JRR, 2024 U.S. Dist. LEXIS 66982, at *5 (D. Md. Apr. 12, 2024) (finding first factor weighed heavily in favor of anonymity emphasizing the stigma associated with involuntary psychiatric commitment and diagnoses of mental illness).

Here, Plaintiff alleges that InformData disclosed to a third party criminal records that had been both pardoned and expunged under Delaware law, in violation of 11 Del. C. §§ 4372(e)(1); §4376(a). Compl. ¶16; ¶¶48-53. Delaware law prohibits the publication of such records and allows individuals to deny their existence. *Id.* at ¶¶52-53. As in *Inflection Risk* and *Priority Background*, where courts granted anonymity to prevent renewed harm through the very act of litigating, Plaintiff seeks to avoid a second wave of reputational injury tied to records the law treats as legally extinguished. Plaintiff further alleges that the disclosure caused emotional distress, reputational harm, anxiety, and loss of sleep—consequences closely mirroring those accepted as sensitive and personal in *A.S. Id.* at ¶¶ 89-92. Accordingly, this factor—recognized by the Fourth Circuit in *Doe* as favoring the plaintiff—strongly supports Plaintiff's request to proceed under a pseudonym here.

### 2. *Disclosure of Plaintiff's Identity Risks Irreparable Harm to His Reputation and Livelihood, Justifying Anonymity.*

The second *James* factor considers whether public identification would subject the plaintiff to a risk of retaliatory physical or mental harm. While Plaintiff does not allege a risk of physical retaliation, he does allege ongoing mental, reputational, and economic harm resulting directly from being associated with criminal records that have been legally expunged and pardoned. The only reason those records were disclosed to his prospective employer is because InformData included them in a background report in violation of Delaware law. Publicly associating Plaintiff's name with this lawsuit would effectively republish those expunged records, reintroduce them into the public sphere, and permanently tether Plaintiff to allegations that the law declares do not exist. *Id.* at 52-53.

In *Doe v. Doe*, the Fourth Circuit upheld the district court's treatment of this factor as neutral, noting that the plaintiff had not shown a specific threat of retaliatory harm beyond embarrassment and reputational damage. 85 F.4th at 21. Nonetheless, the court acknowledged the legitimacy of reputational concerns in cases involving stigmatized subject matter and reaffirmed that the factor must be evaluated contextually, based on the totality of circumstances. *Id.*

Here, the harm from the publication has already occurred and there is nothing preventing the same harm from occurring if the stigmatizing information is made public. In *Univ. of Md. Med. Sys. Corp.* the court found that the public release of plaintiff's medical records—which had stigmatizing information related to her mental health—would "cause further mental harm to Plaintiff and her family[.]" 2024 U.S. Dist. LEXIS 66982, at *6 (quotation removed). In *Inflection Risk*, the court emphasized that "the injury litigated against—the disclosure of [Doe's] expunged criminal record—would be incurred as a result of the disclosure of [Doe's] identity in the litigation." 2025 U.S. Dist. LEXIS 41777, at *2. Likewise, in *Priority Background*, the court found

9

that requiring public identification would "further exacerbate the very harm [the plaintiff] seeks to remedy." 2024 U.S. Dist. LEXIS 193300, at *4–5.

Plaintiff's circumstances closely mirror those in *Inflection Risk*, *Priority Background*, and *Univ. of Md. Med. Sys. Corp*. He alleges that the inclusion of expunged records in InformData's report led to the revocation of his job offer, the loss of expected annual income, and permanent exclusion from future employment opportunities with the company. Compl. ¶¶75–76. These are not hypothetical injuries; they have already occurred. Plaintiff also faces a continuing risk that any public association between his name and the expunged records could interfere with future employment—just as they did here. Delaware law expressly prohibits such disclosures to avoid precisely these consequences. *See* 11 Del. C. §§ 4372(e)(1), 4376(a). Denying Plaintiff pseudonymity would frustrate the purpose of the expungement statute and reintroduce the very stigma and professional harm the law is designed to eliminate. Whether viewed as affirmatively supporting anonymity or rendering this factor neutral, the facts alleged here do not weigh against the motion.

### 3. Plaintiff Is an Adult, but the Stakes of Disclosure Justify Treating This Factor as Neutral.

Plaintiff is an adult and does not claim the protections typically extended to minors. However, courts have made clear that age alone is not dispositive. In *Doe*, the Fourth Circuit acknowledged that the plaintiff's adult status weighed against pseudonymity but emphasized that no single factor controls the analysis. 85 F.4th at 213. Similarly, in *A.S.*, the court found that although the plaintiff was not a minor, other factors—such as the sensitivity of the allegations—outweighed the significance of age. 2025 U.S. Dist. LEXIS 63569, at *8–9.

Here, Plaintiff alleges that he lost a job and source of income because of the disclosure of expunged records and continues to face reputational and financial harm. Compl. ¶¶74-83. While

he is not a minor, those harms present serious consequences that should not be discounted based solely on age. Accordingly, this factor should be treated as neutral and not as a basis to deny Plaintiff the protections of pseudonymity.

### 4. *This Action Is Against a Private Entity, Slightly Weighing Against Pseudonymity.*

The fourth *James* factor modestly disfavors pseudonymity when a case is brought against a private party, rather than the government. Courts often reason that anonymity is less justified in private-party suits because the need for public scrutiny and government accountability is reduced. In *Doe*, the Fourth Circuit noted that pseudonymity is less appropriate where the defendant is a private individual rather than the government. 85 F.4th at 213. Similarly, in *A.S.*, the court found that the government's status weighed in favor of allowing pseudonymity. 2025 U.S. Dist. LEXIS 63569, at *9.

But the private nature of this action should not carry significant weight in the overall balance. Courts have granted pseudonymity in multiple FCRA cases involving private defendants, including *Inflection Risk* and *Priority Background*. In those cases, the courts recognized that the sensitivity of the allegations and the risk of reputational harm justified anonymity even in suits against private background screening companies. *See* 2025 U.S. Dist. LEXIS 41777, at *2–3*; 2024 U.S. Dist. LEXIS 193300, at *4–5. Moreover, the issues here are legal and procedural in nature—not credibility-driven—and InformData already knows Plaintiff's identity. The absence of a public accountability interest does not outweigh the substantial privacy interests at stake. Accordingly, while this factor may formally weigh against pseudonymity, its relevance in this context is minimal.

     5. *Defendant Will Suffer No Prejudice from Plaintiff Proceeding Under Pseudonym.*

The fifth *James* factor weighs in favor of pseudonymity where the defendant will not suffer unfairness or prejudice from anonymity. Plaintiff's identity is already known to InformData and its counsel. He is not seeking to conceal his identity from the Court or from the opposing party—only to prevent further public association between his name and expunged criminal records in public court filings. *See* Compl. ¶¶62-72.

Courts have repeatedly found that anonymity is appropriate where the defendant is fully aware of the plaintiff's identity. In *Priority Background*, the court noted that "Defendants would not be prejudiced by Doe continuing to proceed under her pseudonym [. . .] because they already know her identity." 2024 U.S. Dist. LEXIS 193300, at *5. The same conclusion was reached in *Inflection Risk*, where the court granted anonymity while encouraging the parties to negotiate a protective order for discovery. 2025 U.S. Dist. LEXIS 41777, at *3.

Here, InformData is in no way hindered in preparing its defense, conducting discovery, or litigating this case on the merits. The only issue is whether Plaintiff's name must be included in public documents—an outcome that would republish expunged and legally non-existent records in direct contravention of Delaware law. *See* 11 Del. C. §§ 4372(e)(1), 4376(a). Because there is no prejudice to the Defendant and significant harm to Plaintiff if anonymity is denied, this factor weighs squarely in favor of the motion.

**B. In the Alternative, a Protective Order Should Be Entered to Prevent Further Disclosure of Plaintiff's Identity.**

In the event the Court declines to permit Plaintiff to proceed under pseudonym, Plaintiff respectfully requests that the Court enter a protective order under Federal Rule of Civil Procedure 26(c). Under Rule 26, a party "may move for a protective order in the court where the action is

pending. [. . .] The court may, for good cause, issue an order to protect a party or person from [. . .] undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court may specify terms of discovery, "including time and place or the allocation of expenses, for the disclosure or discovery." *Id*. Courts have used this rule to issue orders limiting the public disclosure of a party's identity when litigation threatens to cause reputational or emotional harm, especially where sensitive personal information is at issue.

Here, Plaintiff has alleged that public disclosure of his identity would reintroduce into the public domain pardoned and expunged criminal records that are no longer lawfully reportable. *See* Compl. ¶¶ 48–53. Disclosure would defeat the purpose of the expungement, and cause further reputational, emotional, and economic harm. If the Court does not grant leave to proceed under pseudonym, Plaintiff requests a protective order requiring that all public filings – including the caption of this case -- redact Plaintiff's name and any other identifying information, while allowing full disclosure of Plaintiff's identity to Defendant and the Court for purposes of discovery and litigation. This approach would mirror the relief granted in *Inflection Risk Sols., LLC*, where the court encouraged the parties to reach a protective agreement to prevent the dissemination of plaintiff's identity in discovery. 2025 U.S. Dist. LEXIS 41777, at *3. A narrowly tailored protective order would strike an appropriate balance between the parties' needs and the strong privacy interests at stake.

## V. CONCLUSION

Given the highly sensitive nature of Plaintiff's allegations, public interest, and lack of prejudice to Defendant, compelling reasons exist for allowing him to proceed under pseudonym. In the alternative, should the Court decline to permit Plaintiff to proceed under pseudonym.

Dated: May 13, 2025

                                                    /s/
Susan Mary Rotkis
VSB 40693
Consumer Justice Law Firm PLC
2290 East Speedway Blvd.
Tucson, AZ 85719
T:602-807-1504
F: (480) 613-7733
E: srotkis@consumerjustice.com

*Attorneys for Plaintiff*
*John Doe*